# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-50285
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Gonzalez Valles,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-2485-1

—————————————————————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Antonio Gonzalez Valles pleaded guilty, without a written plea agreement, to two counts: making a false statement in a passport application (in 2019), and false personation in immigration matters (in 2024), in violation of 18 U.S.C. §§ 1542 (false statement) and 1546(a) (false personation). Sentenced, *inter alia*, to concurrent, within-Guidelines terms of 30-months'

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imprisonment, he contends the district court erred by failing to group his counts of conviction for purposes of calculating his offense level under Guidelines § 3D1.2(b) and (c).

Valles failed to preserve these issues in district court (as he also concedes). That failure results in our review being only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). He fails to show the requisite clear-or-obvious error for each of his following two contentions.

Regarding Guideline § 3D1.2(b), his two counts must "involve the same victim and two or more acts or transactions [and be] connected by a common criminal objective or constitute[e] part of a common scheme or plan". U.S.S.G. § 3D1.2(b). He fails to show clear or obvious error in the court's declining to group his two counts because he cannot "show error in the straightforward applications of existing cases". *See United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (citation omitted).

For his contention that the court should have grouped his two counts of conviction under Guideline § 3D1.2(c), it prescribes grouping "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the [G]uideline applicable to another of the counts". U.S.S.G. § 3D1.2(c). The presentence investigation report shows Valles' making a false statement on his passport application was not treated as a specific offense characteristic in the Guidelines calculation of

No. 25-50285

the other count.  Moreover, his contention requires an extension of existing precedent.  *See Cabello*, 33 F.4th at 291.

AFFIRMED.